IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH LEE SULLIVAN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
|     v. | : | |
| | : | |
| THE BOROUGH OF HELLERTOWN, and | : | NO. 02-8885 |
| CHRISTOPHER RYAN, | : | |
|     Defendants. | : | |

**O R D E R**

AND NOW, this      day of June, 2003, Defendants having filed a Motion to Dismiss (Docket Entry No. 6) on June 4, 2003, this Court having previously ordered Plaintiff Deborah Lee Sullivan to file a response to the Motion to Dismiss on or before June 20, 2003, and Plaintiff having failed to file a response to the Motion to Dismiss as of today's date, the Motion to Dismiss is considered unopposed and is hereby GRANTED, and all claims are DISMISSED WITH PREJUDICE, for the reasons set forth below.

Rule 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).

Plaintiff's Complaint sets forth three claims.  The first claim against Defendant Christopher Ryan is dismissed with prejudice because Pennsylvania does not recognize a civil tort for "stalking and harassing."  The claim against Defendant Ryan alleges only that he stalked and harassed Plaintiff, and does not set forth a cause of action that is recognized in Pennsylvania. See Avery v. Mitchell, 1999 WL 240339, at *10 (E.D. Pa. 1999) ("The tort of harassment is not recognized by Pennsylvania courts because 'an action for invasion of privacy is ordinarily an adequate remedy for highly offensive conduct which unreasonably interferes with another's right to be left alone.'" (citation omitted)).[1]

The second claim seeks to impose liability upon Defendant Borough of Hellertown for Ryan's actions under 42 U.S.C. § 1983 pursuant to the doctrine of *respondeat superior*, and also seeks to impose liability against Hellertown for negligently hiring and retaining Ryan as an employee.  This claim is dismissed with prejudice because the doctrine of *respondeat superior* may not be employed to impose § 1983 liability against a municipality, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978), and because the Borough of Hellertown is immune from liability for alleged negligent hiring and retention pursuant to the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8542.

---

[1] Defendants also argue that Plaintiff failed to properly serve Defendant Ryan pursuant to Fed. R. Civ. P. 4.  "Once sufficiency of service of process is challenged, the party on whose behalf service was made bears the burden of establishing the validity of service." Trovarello v. McMonagle, 1998 WL 800325, at *2  (E.D. Pa. 1998).  Plaintiff's failure to respond to the Motion to Dismiss means that she has not satisfied her burden of establishing validity of service upon Defendant Ryan.  Therefore, the first claim against Defendant Ryan is also subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(5).  However, dismissals based solely upon Rule 12(b)(5) can only be entered *without prejudice*. See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992).  Here, the entire action will be dismissed *with prejudice* because all of the claims, including the first claim, fail to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

The third claim alleges that the Borough of Hellertown violated 42 U.S.C. § 1981 because Plaintiff was not treated equally to other Hellertown citizens as a result of her being stalked and harassed by Defendant Ryan.  In order to state a claim under § 1981, a plaintiff must allege (1) that she is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendant, and (3) discrimination concerning one or more of the activities enumerated in the statute.  Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001).  The Complaint here does not allege that Plaintiff is a member of a racial minority, or that she was harassed and stalked as a result of her race, or that there was discrimination concerning one or more of the activities listed in the statute.  As a result, Plaintiff has failed to state a claim upon which relief may be granted, and this claim will also be dismissed with prejudice.

BY THE COURT:


Legrome D. Davis